184

### In re Richard STODDARD, Debtor.

### Ray Martin, Plaintiff,

### v.

### Richard Stoddard, Defendant.

### No. 99–3136.

United States Bankruptcy Court,
N.D. Ohio.

June 14, 2000.

Joseph M. Thomson, Toledo, OH, for Plaintiff.

Stephen T. Priestap, Toledo, OH, Former Attorney for Defendant.

### *DECISION AND ORDER*

RICHARD L. SPEER, Chief Judge.

This case comes before the Court upon the Plaintiff's Complaint to determine the dischargeability of a debt. The specific debt which the Plaintiff seeks to hold nondischargeable arises from a money judgment originally rendered against the Defendant by the Lucas County Court of Common Pleas on July 2, 1971, in the case captioned *Ray Martin v. Richard Stoddard.* The statutory grounds upon which the Trustee relies for his Complaint are 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(4) which generally provide that those debts which arise from a debtor's fraudulent conduct are nondischargeable in bankruptcy.

On June 13, 2000, the Court held a Trial on the matter. The Defendant, although receiving notice of the Trial, was not present. At the Trial, the Plaintiff presented both testimonial and documentary evidence in support of his Complaint to determine dischargeability. The Court then, after hearing all the evidence put forth by the Plaintiff, found that the Plaintiff had sustained his requisite burden of proof under the standards set forth in §§ 523(a)(2)(A) and 523(a)(4) of the Bankruptcy Code.

Accordingly, it is

**ORDERED** that the money judgment rendered against the Defendant, Richard Stoddard, on July 2, 1971, by the Lucas County Court of Common Pleas, in the case captioned *Ray Martin v. Richard Stoddard,* Case No. CI 70–1042, be, and is hereby, determined to be a nondischargeable debt in bankruptcy pursuant to 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(4).